UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
-------------------------------------------------------X
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
                     Plaintiff,               :     Civ. 00 - 11977 (DPW)
                                              :
         v.                                   :
                                              :
THE PRESIDENT AND FELLOWS OF                  :     ANSWER
HARVARD COLLEGE, ET AL.,                      :
                                              :
                     Defendants.              :
-------------------------------------------------------X
```

Defendant Andrei Shleifer ("Defendant"), by his attorneys, Nutter McClennen & Fish,

LLP and Swidler Berlin Shereff Friedman, LLP, for his answer to the Complaint And Jury Trial

Demand, dated September 26, 2000 (the "Complaint"), filed by the United States of America

("Plaintiff"), states upon knowledge as to his own conduct and upon information and belief as to

the conduct of others, as follows:

    1.      Denies the allegations contained in paragraph 1 of the Complaint.

    2.      Denies the allegations contained in paragraph 2 of the Complaint.

    3.      Denies the allegations contained in paragraph 3 of the Complaint.

    4.      Denies the allegations contained in paragraph 4 of the Complaint.

    5.      Denies the allegations contained in paragraph 5 of the Complaint, except admits

that Plaintiff purports to bring this case under the False Claims Act, equitable principles and

common law.  The last sentence of paragraph 5 of the Complaint states a legal conclusion and

requires no response from Defendant.



DOCKETED

6.    Asserts that paragraph 6 of the Complaint states a legal conclusion and requires no response from Defendant.

7.    Admits, upon information and belief, the allegations contained in paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to respond to the allegations contained in paragraph 8 of the Complaint, except admits, upon information and belief, that Harvard is a non-profit corporation with its principal place of business in Cambridge, Massachusetts.

9.    Denies the allegations contained in paragraph 9 of the Complaint, except admits that Shleifer resides in Newton, Massachusetts; that he is a tenured Professor of Economics and an employee of Harvard; and that, from time to time, in his capacity as a consultant to HIID, he served as a Principal Investigator and a Project Director of certain projects.  Shleifer further admits that, from time to time, HIID was reimbursed by USAID for some of Shleifer's work as a consultant to HIID with respect to HIID's activities under certain cooperative agreements.  To the extent such titles may be considered to confer administrative responsibilities, Shleifer was substantially relieved of them, and they were assumed by HIID personnel or personnel in Harvard's Office of Sponsored Research, who, among other things, unilaterally undertook to occasionally sign his name in his stead.

10.    Denies the allegations contained in paragraph 10 of the Complaint, except admits, upon information and belief, that Jonathan Hay is an American citizen now residing in Moscow, Russia, and that Hay was an employee of HIID and at times served as HIID's Moscow-based representative.

-2-

11.     Asserts that paragraph 11 of the Complaint states a legal conclusion and requires no response from Defendant.

12.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 12 of the Complaint, excepts admits that Shleifer is married to Zimmerman and that he and Zimmerman reside in Newton, Massachusetts.

13.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 13 of the Complaint, except admits, upon information and belief, that Elizabeth Hebert is an American citizen now residing in Moscow, Russia and that she is married to Jonathan Hay.

14.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 14 of the Complaint and refers to the cited laws and regulations for the full contents thereof, except admits, upon information and belief, the first sentence of paragraph 14 of the Complaint.

15.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 15 of the Complaint and refers to the cited cooperative agreements for the full contents thereof, except admits, upon information and belief, that HIID and USAID entered into a cooperative agreement in or about December 1992.

16.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 16 of the Complaint and refers to the cited cooperative agreements for the full contents thereof, except admits, upon information and belief, that HIID and USAID entered into a cooperative agreement in or about October 1995.

17.     Denies the allegations contained in paragraph 17 of the Complaint, except admits that, in his capacity as a consultant to HIID, Shleifer provided advice to the Russian government regarding privatization and post-privatization assistance.

18.     Denies the allegations contained in paragraph 18 of the Complaint and refers to the cited report for the full contents thereof.

19.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 19 of the Complaint and refers to the cited workplan for the full contents thereof.

20.     Admits the allegations contained in paragraph 20 of the Complaint only to the extent that the cited text is contained in <u>Privatizing Russia</u>, a book authored by Shleifer, Maxim Boycko and Robert Vishny.

21.     Denies the allegations contained in paragraph 21 of the Complaint, except admits, upon information and belief, that the cited text in paragraph 21 of the Complaint is contained in the cooperative agreements and refers to the agreements for the full contents thereof.

22.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 22 of the Complaint and refers to the cited cooperative agreements for the full contents thereof.

23.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 23 of the Complaint and refers to the cited cooperative agreements and regulations for the full contents thereof.

24.     Denies the allegations contained in paragraph 24 of the Complaint, except admits that the HIID Overseas Manual contained a conflict of interest policy and refers to the manual for the full contents thereof.

25.     Denies the allegations contained in paragraph 25 of the Complaint, except admits that Shleifer is a member of Harvard's Faculty of Arts and Sciences ("FAS"), and refers to the cited FAS policy for the full contents thereof.

26.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 26 of the Complaint and refers to the cited statement for the full contents thereof.

27.     Denies the allegations contained in paragraph 27 of the Complaint, except denies knowledge or information sufficient to respond to the allegations contained in subparagraphs (iv) and (v) of paragraph 27 of the Complaint.

28.     Denies the allegations contained in paragraph 28 of the Complaint.

29.     Denies the allegations contained in paragraph 29 of the Complaint.

30.     Denies the allegations contained in paragraph 30 of the Complaint.

31.     Denies the allegations contained in paragraph 31 of the Complaint.

32.     Denies the allegations contained in paragraph 32 of the Complaint.

33.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 33 of the Complaint.

34.     Denies the allegations contained in paragraph 34 of the Complaint.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies the allegations contained in paragraph 36 of the Complaint.

37.     Denies the allegations contained in paragraph 37 of the Complaint, except admits that Shleifer provided language for portions of a draft of the memoranda annexed to the Complaint as Exhibit A and B.

38.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 38 of the Complaint.

39.     Denies the allegations contained in paragraph 39 of the Complaint, except admits the allegations with respect to Shleifer contained in subparagraphs A and B of paragraph 39 of the Complaint.  Further, Shleifer denies knowledge or information sufficient to respond to the allegations contained in subparagraph C of paragraph 39 of the Complaint, except admits that on or about September 20, 1994, a $66,000 check from Hay to Shleifer was deposited into Shleifer's individual account and that on or about November 4, 1994, $19,000 was wired from the same account to a Channel Islands account.

40.     Denies the allegations contained in paragraph 40 of the Complaint.

41.     Denies the allegations contained in paragraph 41 of the Complaint, except admits that in or about August 1997, Shleifer sent a $66,000 check to Jonathan Hay's father and refers to the cited note for the full contents thereof.

42.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 42 of the Complaint.

43.     Denies the allegations contained in the first sentence of paragraph 43 of the Complaint, except denies knowledge or information sufficient to respond to the allegations contained in the remainder of paragraph 43 of the Complaint, and admits that Shleifer advised the Russian Securities Commission.

44.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 44 of the Complaint.

45.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 51 of the Complaint.

52.     Denies the allegations contained in paragraph 52 of the Complaint, except admits (i) that Shleifer appeared at, but did not participate in a meeting with AEW representatives where AEW's potential investment in FRSD was discussed, and (ii) that, from time to time, Shleifer and Zimmerman traveled to Moscow.

53.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 53 of the Complaint.

54.     Denies the allegations contained in paragraph 54 of the Complaint, except admits (i) the first sentence of paragraph 54 of the Complaint, and (ii) that on or about June 11, 1996,

Shleifer appeared at, but did not participate in a meeting with Nancy Zimmerman and AEW representatives.

55.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 55 of the Complaint, except admits that Shleifer advised the Russian Securities Commission.

56.     Denies the allegations contained in paragraph 56 of the Complaint, except admits that on or about August 19, 1996, Shleifer and Zimmerman visited Moscow, and denies knowledge or information sufficient to respond to the allegations contained in the second sentence of paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint, except denies knowledge or information sufficient to respond to the allegations contained in subparagraph (a) of paragraph 60 of the Complaint, and admits only that on or about February 25, 1997, $200,000 was wired from the joint bank account of Shleifer and Nancy Zimmerman; approximately one third of the amount was wired to an account at CIBC Bank & Trust Company (Channel Islands) and the balance was wired to Boston Capital Management.

61.     Denies the allegations contained in paragraph 61 of the Complaint as to Shleifer, and further denies knowledge or information sufficient to respond to the remaining allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint, except denies knowledge or information sufficient to respond to the allegation that "Hay and his father's funds were financing the FRSD."

63.     Denies the allegations contained in paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 66 of the Complaint.

67.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

76.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint, except admits that from time to time prior to January 1996, Shleifer advised the Russian Deputy Prime Minister.

78.     Denies the allegations contained in paragraph 78 of the Complaint, except admits that Shleifer and Daniel Triesman are authors of an article which includes the text contained in paragraph 78 of the Complaint and refers to the cited article for the full text thereof.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

80.     Denies knowledge or information sufficient to respond to the allegations contained in the first, second, third, fourth, sixth and seventh sentences of paragraph 80 of the Complaint, except asserts that to the extent that HIID had any such obligations of "administrative oversight" and USAID had any obligations of "substantial involvement", and such obligations required them to restrict Zimmerman's or Shleifer's investment activities, they did not do so.  With respect to the fifth sentence, Shleifer refers to the alleged writing for the full contents thereof.

81.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 81 of the Complaint.

82.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 82 of the Complaint.

83.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 83 of the Complaint.

84.     Denies the allegations contained in paragraph 84 of the Complaint, except denies knowledge or information sufficient to respond to the first two sentences of paragraph 84 of the Complaint with respect to Hay.

85.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 85 of the Complaint.

86.     Denies knowledge or information sufficient to respond to the allegations contained in paragraph 86 of the Complaint.

87.     Asserts that insofar as paragraph 87 of the Complaint purports to summarize the claims brought by Plaintiff, no response is required.  To the extent a response is required, Shleifer denies the allegations of paragraph 87 of the Complaint.

88.     Repeats and realleges his responses to paragraphs 1 through 87 of the Complaint as if fully set forth herein.

89.     Denies the allegations contained in the first sentence of paragraph 89 of the Complaint, except denies knowledge or information sufficient to respond to the remaining allegations contained in paragraph 89 of the Complaint.

90.    Denies knowledge or information sufficient to respond to the allegations contained in paragraph 90 of the Complaint.

91.    Denies the allegations contained in paragraph 91 of the Complaint.

92.    Denies the allegations contained in paragraph 92 of the Complaint.

93.    Denies the allegations contained in paragraph 93 of the Complaint.

94.    Denies the allegations contained in paragraph 94 of the Complaint.

95.    Asserts that insofar as paragraph 95 of the Complaint purports to summarize the claims brought by Plaintiff, no response is required.  To the extent a response is required, Shleifer denies the allegations of paragraph 95 of the Complaint.

96.    Repeats and realleges his responses to paragraphs 1 through 95 of the Complaint as if fully set forth herein.

97.    Denies the allegations contained in paragraph 97 of the Complaint.

98.    Denies the allegations contained in paragraph 98 of the Complaint.

99.    Asserts that insofar as paragraph 99 of the Complaint purports to summarize the claims brought by Plaintiff, no response is required.  To the extent a response is required, Shleifer denies the allegations of paragraph 99 of the Complaint.

100.    Repeats and realleges his responses to paragraphs 1 through 99 of the Complaint as if fully set forth herein.

101.    Denies the allegations contained in paragraph 101 of the Complaint.

102.    Denies the allegations contained in paragraph 102 of the Complaint.

103.    Denies the allegations contained in paragraph 103 of the Complaint.

104.    Denies the allegations contained in paragraph 104 of the Complaint.

105.    Repeats and realleges his responses to paragraphs 1 through 104 of the Complaint as if fully set forth herein.

106.    Denies the allegations contained in paragraph 106 of the Complaint.

107.    Denies the allegations contained in paragraph 107 of the Complaint.

108.    Denies the allegations contained in paragraph 108 of the Complaint.

109.    Denies the allegations contained in paragraph 109 of the Complaint.

110.    Repeats and realleges his responses to paragraphs 1 through 109 of the Complaint as if fully set forth herein.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

114.    Denies the allegations contained in paragraph 114 of the Complaint.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    Repeats and realleges his responses to paragraphs 1 through 115 of the Complaint as if fully set forth herein.

117.    Asserts that the allegations contained in paragraph 117 of the Complaint do not state a claim against Shleifer and no response is required.

118.    Asserts that the allegations contained in paragraph 118 of the Complaint do not state a claim against Shleifer and no response is required.

119.    Repeats and realleges his responses to paragraphs 1 through 118 of the Complaint as if fully set forth herein.

120.    Asserts that the allegations contained in paragraph 120 of the Complaint do not state a claim against Shleifer and no response is required.

121.    Asserts that the allegations contained in paragraph 121 of the Complaint do not state a claim against Shleifer and no response is required.

122.    Repeats and realleges his responses to paragraphs 1 through 121 of the Complaint as if fully set forth herein.

123.    Denies the allegations contained in paragraph 123 of the Complaint.

124.    Denies the allegations contained in paragraph 124 of the Complaint.

125.    Asserts that insofar as paragraph 125 of the Complaint purports to summarize the claims brought by Plaintiff, no response is required.  To the extent a response is required, Shleifer denies the allegations of paragraph 125 of the Complaint.

126.    Repeats and realleges his responses to paragraphs 1 through 125 of the Complaint as if fully set forth herein.

127.    Denies the allegations contained in paragraph 127 of the Complaint.

128.    Denies the allegations contained in paragraph 128 of the Complaint.

129.    Repeats and realleges his responses to paragraphs 1 through 128 of the Complaint as if fully set forth herein.

130.    Denies the allegations contained in paragraph 130 of the Complaint.

131.    Denies the allegations contained in paragraph 131 of the Complaint.

132.    Denies the allegations contained in paragraph 132 of the Complaint.

133.    Denies the allegations contained in paragraph 133 of the Complaint.

134.    Denies the allegations contained in paragraph 134 of the Complaint.

135.    Denies the allegations contained in paragraph 135 of the Complaint.

136.    Repeats and realleges his responses to paragraphs 1 through 135 of the Complaint as if fully set forth herein.

137.    Denies the allegations contained in paragraph 137 of the Complaint.

138.    Denies the allegations contained in paragraph 138 of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant Andrei Shleifer alleges the following affirmative defenses:

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted because if Shleifer's or Zimmerman's investment activities in Russia were to be restricted in any fashion (and Shleifer asserts that they were not), USAID and/or HIID would have been obligated to so advise them and/or to secure their agreement thereto, and neither USAID nor HIID did so, and the Complaint does not allege that they did. Accordingly, to the extent Shleifer or Zimmerman violated any policies, rules or contract provisions pleaded in the Complaint (and any such alleged violations are denied), it was not their fault, and they may not be held accountable therefor.

### Third Defense

To the extent the Complaint alleges conduct by Shleifer and Zimmerman with respect to their activities in Russia, the United States government, the Russian government and Harvard

were sufficiently aware of the nature of those activities and with such knowledge, they failed to object, or otherwise consented to them.  Such activities in Russia were similar in nature to activities of other persons and institutions similarly situated to Shleifer and Zimmerman, including others under the direction and control of the United States government, the Russian government and Harvard.

### Fourth Defense

The claims alleged in the Complaint are barred, in whole or in part, because the United States does not have standing to bring this action.

### Fifth Defense

The claims alleged in the Complaint are barred for failure to join indispensable parties and persons needed for a just adjudication.

### Sixth Defense

The claims alleged in the Complaint are barred, in whole or in part, by the government's own willful, intentional, knowing, and/or negligent wrongdoing, including but not limited to USAID's failure to fulfill its supervisory, oversight, participation and coordination responsibilities on the Russia Project.

### Seventh Defense

The claims alleged in the Complaint are barred by the doctrine of estoppel due to the government's willful, intentional, knowing, and/or negligent wrongdoing, including but not limited to USAID's failure to fulfill its supervisory, oversight, participation and coordination responsibilities on the Russia Project.

### Eighth Defense

The claims alleged in the Complaint are barred by the equitable doctrines of unclean hands, laches and waiver.

### Ninth Defense

The claims alleged in the Complaint are barred as futile, because the government suffered no harm or damages.

### Tenth Defense

The principles of quantum meruit, quantum valebat, and general principles of set-off and offset, apply any and all "damages" obtained by the government pursuant to any of its claims must be offset by the value of the work performed by HIID consultants and employees under the Cooperative Agreements.

### Eleventh Defense

The claims alleged in the Complaint are barred, in whole or in part, because the government has failed to identify a single act by Shleifer that would entitle the government to any relief.

### Twelfth Defense

The claims alleged in the Complaint are barred, in whole or in part, because they are not pled with sufficient particularity as required by Fed. R. Civ. P. 9(b).

## Thirteenth Defense

The claims alleged in the Complaint must be dismissed for failure to comply with Fed. R. Civ. P. 10(b).

## Fourteenth Defense

The claims alleged in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

## Fifteenth Defense

One or more of the claims alleged in the Complaint run afoul of the "revenue rule" and the First Circuit's decision in United States v. Boots, 80 F.3d 580 (1st Cir.), cert. denied, 519 U.S. 905 (1996).

## Sixteenth Defense

Shleifer hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent through discovery and other fact-finding in this case, and hereby reserves its right to amend his Answer to assert additional defenses.

Dated: Boston, Massachusetts
June 18, 2001

NUTTER, McCLENNEN & FISH, LLP

Robert L. Ullmann
Elizabeth Cleary
One International Place
Boston, Massachusetts 02110
(617) 439-2262

-and-

SWIDLER BERLIN SHEREFF FRIEDMAN, LLP
Earl H. Nemser
Benjamin E. Rosenberg
Matthew T. Peloso
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
(212) 973-0111

Attorneys for Defendant Andrei Shleifer

Certificate of Service

I, Robert L. Ullmann, certify that on June 18, 2001 I caused a true copy of the above document to be served by regular and electronic mail on all counsel of record.

_____
Robert L. Ullmann, Esq.