UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>HARVARD UNIVERSITY, ET AL.,<br>    Defendants. | CIVIL ACTION NO.<br>00-11977-DPW |

## MEMORANDUM AND ORDER
September 30, 2002

The United States moves in limine to admit (and to preclude the defendant Shleifer from introducing evidence contradicting) certain statements drawn from memoranda submitted by counsel for the defendant Shleifer to the government on his behalf before this litigation began. I deny the motion without prejudice to its resubmittal in connection with any trial which may become necessary if the summary judgment motions the parties have filed are unsuccessful in whole or in part.

I am satisfied that the statements may fairly be characterized as admissions under Fed. R. Evid. 801(d)(2) and that they do not fall within the ambit of Fed. R. Evid. 408 because they do not appear to constitute concessions made in connection with some offer to compromise claims. Rather they may be said to constitute an effort to press plaintiff's best case-- one that negates compromise--by those he has authorized to speak for him.

More troubling is the question whether, and if so to what



degree, Fed. R. Evid. 403 will have a role in evaluating admission.  It appears from my review of the summary judgment submissions that the statements have no significant role to play in the dispositive motions now pending before me. The case will need to be framed as it would be for trial before a decision regarding admissibility, particularly in light of the nuanced evaluation required by Rule 403, can or need be made.  In this connection, however, it is unlikely that a preclusion order will be appropriate, particularly because some discovery will be permitted to develop a full understanding of the nature and circumstances of the communications before they are placed in issue before a fact finder.

/s/ Douglas P. Woodlock
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE