UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>THE PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE, ET AL.,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br>No. 00-CV-11977-DPW |

**DEFENDANT SHLEIFER'S MEMORANDUM OF LAW REGARDING (1) ISSUES TO BE TRIED, (2) THE DURATION OF THE ALLEGED CONSPIRACY, AND (3) THE INADMISSIBILITY OF THE MONAGHAN MEMOS**

Defendant Andrei Shleifer respectfully submits this memorandum of law pursuant to the Court's order of September 9, 2004. The memorandum addresses three issues: (1) What issues remain to be resolved in connection with Count II (31 U.S.C. § 3729(a)(2)); (2) the scope and length of the conspiracy alleged in Count III (31 U.S.C. § 3729(a)(3)); and (3) the admissibility of the "Monaghan Memos."

**I.　　Issues To Be Resolved With Respect To Count II**

The following issues with respect to Count II remain open following the Memorandum and Order, United States v. President and Fellows of Harvard College, et al., June 28, 2004 (Civil Action No. 00-11977-DPW) ("Opinion"):

(a)　*Whether Shleifer was actually bound by the RGEs.* In light of the Court's various rulings in the Opinion, the only remaining question for trial in connection with this issue is whether Shleifer was "assigned to Russia" as that term is used in the RGEs. See Opinion at 28-33. If he was "assigned to Russia," then, according to the Opinion, he violated the RGEs; if he was not "assigned to Russia," then he did not violate the RGEs and he is entitled to judgment in his favor on Count II.

- 1 -

(b) *Whether, assuming that Shleifer violated the RGEs, Shleifer knew that the FCTRs' certifications were false on account of the RGE violations, and, if so, when he obtained that knowledge.* The Court held that the FCTRs' falsity arose from the falsity of their certifications. See Opinion at 50-51. Thus, even if Shleifer violated the RGEs (because of certain investments made while he was "assigned to Russia"), he could not be liable under the False Claims Act unless the government bore its burden of demonstrating that Shleifer knew of the falsity of the FCTRs' certifications arising from those RGE violations. The Court held that "there is a genuine dispute of fact as to whether Shleifer knew of the falsity of the statements [i.e., the FCTRs' certifications]." Opinion at 86-87.

## II.   The Scope and Length of the Conspiracy Charged In Count III

The Court found Shleifer liable under Count III, which charged Shleifer with violation of 31 U.S.C. 3729(a)(3) – conspiring to violate the substantive provisions of the False Claims Act. See Opinion at 92. After a discussion of the evidence that the Court deemed relevant to this Count, the Court held (Opinion at 92):

> Shleifer and Hay acted in agreement, explicit or implicit, to make loans to Hebert in 1996 and 1997 to finance the FRSD. These actions caused the submission of false claims. See supra Part II.C. Therefore, I find that Shleifer and Hay violated § 3729(a)(3).

The evidence showed that Shleifer and Hay first discussed loans to Hebert by Hay's father in September 1996. See Government Fact 97; Hay Dep. 187-88; Shleifer Dep. 267, 299-300, 878-79, 881-82.[1] We therefore seek a ruling that the conspiracy began no earlier than

---

[1]   There were earlier discussion about possible investments by businesses affiliated with Messrs. Steyer and Aldrich, see Opinion at 88-91, but these businesses were not owned by HIID employees and the RGEs plainly did not apply to them.

September 1996.[2]  The government has suggested that the conspiracy should date back to Hay's alleged investment in oil companies in 1994 (see Transcript of oral argument of September 9, 2004, at 17-18; see also Opinion at 88), but the Court has indicated that Shleifer was not constructively aware of the RGEs until October 1995, see Opinion at 86 ("from October 1995 on" Shleifer was "derelict in his duty . . . to familiarize himself with and abide by the RGE's"), so any agreement concerning transactions in 1994 could not form the basis for an FCA conspiracy.

### III.    The "Monaghan Memos" Are Inadmissible

#### A.    Background

Between June 1997 and April 1998, as the government's investigation was underway, Professor Henry Monaghan of Columbia Law School and Earl Nemser, Esq., both of whom served as counsel to Shleifer, wrote a series of six memoranda setting forth analyses of whether Shleifer's alleged investments had violated HIID's Overseas Manual.[3]  During the government's investigation, and before this case was filed, those memoranda were provided to the government, in an effort to demonstrate to the government why it should not proceed against Shleifer.  The government extensively examined Shleifer on the Monaghan Memos, establishing certain inaccuracies in them.  See, e.g., Shleifer Dep. at 212-25, 445-57.  The parties thereupon filed a series of motions regarding the admissibility of the memos, and the extent to which communications related to the memos were subject to discovery.  The Court resolved certain of

---

[2]    The date of the conspiracy is important for purposes of damage calculation, because Shleifer could be liable for damages on Count III for only so long as he was a member of the conspiracy.  See, e.g., United States v. Kates, 419 F. Supp. 846, 854 (E.D. Pa. 1976) ("[E]ach defendant's liability for damages would exist only during the time he was a member of the conspiracy.") (Emphasis added).

[3]    The memoranda have often been referred to in this case as the "Monaghan Memos."  Four of them are from Monaghan to Nemser; one is from Nemser to Monaghan; the authorship of the last one is not evident from the face of the document, which is entitled "General Summary."  Copies of the Monaghan Memos are annexed hereto as Exhibits 1 through 6.

the issues raised by the motions, but held that the memos' admissibility pursuant to Rule 403 remained an open issue.  See Memorandum and Order, September 30, 2002.

        B.      <u>The Monaghan Memos Are Irrelevant To Any Issue Before The Court</u>

This case involves RGEs and FCTRs.  <u>See</u> Opinion, *passim*.  The Monaghan Memos neither mention, nor refer to, nor address the RGEs or the FCTRs.  The issue addressed by the Monaghan Memos is whether Shleifer's investments violated HIID's Overseas Manual.  As this Court found, however, whether Shleifer's investments violated the HIID Overseas Manual is irrelevant to the FCA (Opinion at 33 n.21 (first emphasis supplied; second in the original)):

> Hay and Shleifer also violated the conflict of interest policy in the HIID Overseas Manual, but this does not mean that Harvard violated the Cooperative Agreements.  Harvard's obligation under the Cooperative Agreements was to have a conflict of interest policy.  <u>That the policy may from time to time have been violated by employees is not in itself a violation of the Cooperative Agreements</u>.  I address here only whether Harvard's agents Hay and Shleifer violated the <u>RGEs</u>.[4]

Because a violation of the HIID Overseas Manual would not have constituted a violation of the Cooperative Agreements, and because the failure to disclose a violation of the HIID Overseas Manual would not render any FCTR false, the HIID Overseas Manual, and thus the Monaghan Memos, are irrelevant to the case.

Dated: September 30, 2004

                                      NUTTER, McCLENNEN & FISH LLP

                                      <u>/s/ Elizabeth H. Cleary</u>
                                      Robert L. Ullmann (BBO #551044)
                                      Elizabeth H. Cleary (BBO #647221)
                                      155 Seaport Blvd.
                                      Boston, MA 02110-2604
                                      (617) 436-2262

---

[4]    Shleifer continues to dispute that he violated the HIID Overseas Manual.  The point is moot, however, for the reasons set forth above.

- 5 -

        SWIDLER BERLIN SHEREFF FRIEDMAN

        /s/ Benjamin R. Rosenberg
        Benjamin E. Rosenberg (admitted *pro hac vice*)
        Adam Rowland (admitted *pro hac vice*)
        The Chrysler Building
        405 Lexington Avenue
        New York, NY  10174
        (212) 973-0111

        Attorneys for Andrei Shleifer

1364989.1