UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 00-CV-11977-DPW |
| v. | ) ) ) | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' PROPOSED SPECIAL JURY QUESTION

The narrow issue to be tried on December 6, 2004 concerns the meaning of the term "assigned" as it is used in subpart (c) of the Regulations Governing Employees ("RGE") provision of the two Cooperative Agreements underlying this case. During the October 6, 2004 hearing, and with a refinement adopted at the request of the government on November 1, 2004, the Court preliminarily proposed the following special jury question:

> Was Russia a country to which Andrei Shleifer was assigned under subpart (c) of the Regulations Governing Employees in the Cooperative Agreements between the Harvard Institute for International Development and the United States Agency for International Development?

See Transcript of October 6, 2004 hearing ("10/6/04 Tr.") at 7; Transcript of November 1, 2004 hearing ("11/1/04 Tr.") at 71-72.

Defendants propose the following formulation:

> Was Professor Andrei Shleifer assigned to Russia under subpart (c) of the Regulations Governing Employees in the Cooperative Agreements between the Harvard Institute for International Development and the United States Agency for International Development?

Defendants' formulation tracks the Court's formulation, with one difference designed to minimize the risk of unfair prejudice to the defense. The Court's formulation could be interpreted by some jurors to presuppose that Professor Shleifer must have been "assigned" to one or more countries under the Cooperative Agreements. This presupposition is unwarranted and, defendants submit, inaccurate. The defense at the upcoming trial will be predicated on the argument that "assigned to" under the RGEs means "residing in" or "posted to," and because Professor Shleifer did not reside in and was never posted to Russia during the Russia Project, he was never assigned to Russia. The jury should be allowed to conclude that Professor Shleifer was never "assigned" to any country under the Cooperative Agreements.

Defendants' formulation makes clear that the only assignments that count under the RGE are those made to "foreign countries." And the formulation does not presuppose that Professor Shleifer was "assigned" to some country under the Cooperative Agreements. This formulation most fairly presents the issue to be tried.

Respectfully submitted,

| | |
|---|---|
| ANDREI SHLEIFER | PRESIDENT AND FELLOWS OF HARVARD COLLEGE |
| By his attorneys, | By its attorneys, |
| _____/s/_____ | _____/s/_____ |
| Robert L. Ullmann (BBO # 551044) | Paul F. Ware, Jr., P.C. (BBO# 516240) |
| Elizabeth H. Cleary (BBO# 647221) | David J. Apfel (BBO# 551139) |
| NUTTER, McCLENNEN & FISH, LLP | Roberto M. Braceras (BBO# 566816) |
| World Trade Center West | GOODWIN PROCTER LLP |
| 155 Seaport Boulevard | Exchange Place |
| Boston, MA  02210-2604 | Boston, MA  02109 |
| (617) 439-2262 | (617) 570-1000 |
| | |
| Benjamin E. Rosenberg (admitted *pro hac vice*) | Robert W. Iuliano (BBO# 550215) |
| Adam B. Rowland (admitted *pro hac vice)* | Elizabeth P. Seaman |
| SWIDLER BERLIN SHEREFF FRIEDMAN, LLP | HARVARD UNIVERSITY |
|  The Chrysler Building | Office of the General Counsel |
| 405 Lexington Avenue | Massachusetts Hall, Harvard Yard |
| New York, NY 10174 | Cambridge, MA 02138 |
| (212) 973-0111 | (617) 495-1280 |

Dated:  November 24, 2004

1380841.1